IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00258-REB-JMC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**JAMARR LANG,**

      **Defendant.**

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

---

Jamarr Lang, through Assistant Federal Public Defender Laura H. Suelau, respectfully moves this Court for an Order excluding one hundred twenty days from the speedy trial time limitations. The government does not oppose this Motion.  In support of this Unopposed Motion, Mr. Lang states as follows:

**I.**     **Procedural Background**

1. On August 9, 2021, the government filed a two-count Indictment against Mr. Lang. Doc. 1. The Indictment alleges Mr. Lang committed one violation of 18 U.S.C. § 11(a)(1) and (b), assault of a federal officer with a dangerous weapon resulting in bodily injury; and one violation of 18 U.S.C. § 111(a)(1), assault on a federal officer.

2. Mr. Lang was arrested on those charges and first appeared before Magistrate Judge James M. Candelaria on August 11, 2021.

3. On August 16, 2021, Mr. Lang entered pleas of not guilty. Doc. 10. Judge Candelaria heard arguments on the issue of detention and ultimately ordered Mr. Lang released, effective August 25, 2021, to the custody of Ute Mountain Ute and the Warrior Spirit in-patient treatment program.

2

Judge Candelaria also entered a Discovery Conference Memorandum setting a disclosure deadline of August 30, 2021. Doc. 12.

4. The seventy-day deadline is October 20, 2021. *Id.*

5. Counsel received initial discovery from the government on August 26, 2021. Discovery consists of approximately 125 pages of written discovery and several hours of audio and video recordings.

6. Undersigned counsel has met and conferred with Mr. Lang both over the phone and in-person at La Plata County Jail.

Speedy Trial Calculation

7. 47 days have passed since August 11, 2021, not including that date or the date of this filing. As a result, 23 days remain in the original 70-day period. An exclusion of 120 days would move the 70-day date to approximately February 21, 2022.[1]

Justification for an Extension

A summary of the government's evidence, based on the Discovery, is as follows:

Late in the evening on April 28, 2021 Bureau of Indian Affairs (BIA) officers in Towaoc, CO received a report of someone carrying a gun. They later received a call about an intoxicated person (or people) walking around near 1028 Sundance Street. BIA officers responded near that address and saw Mr. Lang holding what appeared to be a fake weapon. The officers deployed a Taser on Mr. Lang twice. Mr. Lang then allegedly "rushed" and struck on of the officers three times in the head with the fake firearm. After a struggle, the officers arrested Mr. Lang. During the struggle, the officers struck Mr. Lang, breaking his nose.

8. Based on counsel's experience defending criminal cases, she believes there are a number of tasks required to represent Mr. Lang effectively. A number of those tasks require counsel to confer with Mr. Lang. However, Mr. Lang is presently enrolled in in-patient treatment at Warrior

---

[1] An exclusion of 120 days from today's date would go until January 26, 2022. 24 days after January 26, 2022 is February 19, 2022, a Saturday. The filing of this motion tolls the Speedy Trial Clock until this Court issues an Order.

2

Spirit in Tooele, Utah to address his alcohol addiction. While enrolled there, Mr. Lang's access to the outside world, and counsel, is limited. Such limitations are put in place to assist Mr. Lang in his recovery efforts. The Warrior Spirit program is expected to be 90 days in duration. To date, Mr. Lang has been enrolled for approximately 30 days. Many of the tasks outlined *infra* are necessarily tolled or delayed pending Mr. Lang's release from treatment.

9. First, counsel must conduct a thorough review of the provided discovery. Counsel has done a preliminary review of the discovery provided to date, however, a more in-depth review is necessary. She must also review that evidence with Mr. Lang.

10. Second, counsel must research potential pretrial motions.

11. Third, counsel must evaluate possible defenses to the crimes alleged and discuss such defenses with Mr. Lang.

12. Fourth, counsel must conduct the investigation necessary in this case. Counsel and her investigator are located in Denver, Colorado and the alleged offenses and related conduct occurred in Towaoc, Colorado. All percipient witnesses live in the Towaoc or greater southwest Colorado area. Therefore, extensive travel is necessary to conduct investigation.

13. Fifth, undersigned counsel must determine Mr. Lang' sentencing exposure in the present case and, if so desired, negotiate a potential disposition with the government.

14. Finally, it is worth noting that this is Mr. Lang's first federal criminal case and first felony case of any kind. Mr. Lang is just 19 years-old, has not completed high school, and has limited knowledge of the criminal justice system. Counsel must take the time necessary to explain to Mr. Lang everything from the role of a jury to the federal sentencing guidelines, and federal statutory sentences.

15. Undersigned counsel contacted the government about the present motion. The government has no objection to the extension requested.

16. Counsel has been unable to confer with Mr. Lang about the present motion, however

she believes the extension is necessary to represent him effectively and is in his best interest.

**II.      Standard for Continuances**

17.     Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

18.     Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

19.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

20.     The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262.

4

"Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1330 (2010).

### III. Argument

21. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 120 days from the speedy trial calculations.

22. Mr. Lang is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

23. Undersigned counsel requires 120 additional days to conduct investigation, review discovery, research potential pretrial motions, effectively advise Mr. Lang, and, if necessary, prepare for trial.

24. Undersigned counsel consulted government counsel and he does not object to the requested exclusion of time.

25. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

26. Finally, a continuance for 120 days is supported by the standard set forth by the Tenth

Circuit in the *West* decision.

27. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

28. Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Lang respectfully requests that this Court issue an Order excluding 120 days from the speedy trial time limitations reset applicable dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TWENTY (120) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Jeffrey Graves, Assistant United States Attorney
    jeffrey.graves@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Jamarr Lang (U.S. Mail)

    s/ Laura H. Suelau
    LAURA H. SUELAU
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    laura_suelau@fd.org
    Attorney for Defendant