IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00258-REB-JMC

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**JAMARR LANG,**

       **Defendant.**
_____

**DEFENDANT'S SECOND UNOPPOSED MOTION TO EXCLUDE
SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**
_____

       Jamarr Lang, through Assistant Federal Public Defender Laura H. Suelau, respectfully moves this Court for an Order excluding sixty days from the speedy trial time limitations. The government does not oppose this Motion.  In support of this Unopposed Motion, Mr. Lang states as follows:

**I.**      **Procedural Background**

       1.      On August 9, 2021, the government filed a two-count Indictment against Mr. Lang. Doc. 1. The Indictment alleges Mr. Lang committed one violation of 18 U.S.C. § 11(a)(1) and (b), assault of a federal officer with a dangerous weapon resulting in bodily injury; and one violation of 18 U.S.C. § 111(a)(1), assault on a federal officer.

       2.      Mr. Lang was arrested on those charges and first appeared before Magistrate Judge James M. Candelaria on August 11, 2021.

       3.      On September 29, 2021, Mr. Lang moved for the exclusion of 120 Days from the Speedy Trial Act. Doc. 21. This Court granted that Motion and excluded all days

to and including January 27, 2022.

Speedy Trial Calculation

4.      During a telephonic Status Conference held on February 8, 2022, the Court and parties agreed that 10 days remain in the original 70-day period. An exclusion of 60 days would move the 70-day date to approximately April 19, 2022.[1]

Justification for an Extension

5.      In the first Motion to Exclude, counsel identified a number of tasks necessary to represent Mr. Lang effectively. She has completed most of those tasks. However, the ongoing COVID-19 pandemic and the sharp increase in cases as the result of the Omicron variant has slowed a few of those tasks, including negotiating a disposition with the government and ensuring Mr. Lang understands any potential disposition.

6.      This Mr. Lang's first federal criminal case and first felony case of any kind. Mr. Lang is just 19 years-old, has not completed high school, and has limited knowledge of the criminal justice system. Counsel has been working to explain to Mr. Lang everything from the role of a jury to the federal sentencing guidelines, and federal statutory sentences to ensure any plea is knowing and voluntarily entered. Although counsel has met with Mr. Lang in-person on three occasions to ensure he understands the aforementioned topics, additional meetings are required. On January 25, 2022, counsel attempted to visit Mr. Lang at La Plata County but was informed Mr. Lang was in a COVID isolation pod and unable to meet in-person.

7.      The government has no objection to the extension requested.

---

[1] An exclusion of 60 days from today's date would go until April 9, 2022. 10 days after April 9, 2022 is April 19, 2022, a Saturday. The filing of this motion tolls the Speedy Trial Clock until this Court issues an Order.

8.      Mr. Lang has no objection to the requested extension.

## II.     Standard for Continuances

9.      Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

10.      Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

11.      In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the

harm that could be suffered as a result of the court's denial of the continuance.  *See id.*
No single factor is determinative.  *See id.*

12.     The decision to grant an "ends of justice" continuance is within the sound
discretion of the Court, and is reviewed under an abuse of discretion standard.  *See
Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason
for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*,
137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that
"subsection (h)(7) expressly accounts for the possibility that a district court will need to
delay a trial to give the parties adequate preparation time" to ensure that the ends of
justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate
v. United States*, 130 S. Ct. 1330 (2010).

## III.     Argument

13.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and
*West*.  Accordingly, undersigned counsel requests that this Court continue the trial, vacate
current deadlines, and exclude 60 days from the speedy trial calculations.

14.     Mr. Lang is not requesting a finding of complexity under subsections
(h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be
served by the granting of the requested continuance because "the failure to grant such a
continuance in the proceeding would . . . result in a miscarriage of justice" and "would
deny counsel for the defendant . . . reasonable time necessary for effective preparation."
18 U.S.C. §3161(h)(7)(B)(iv).

15.     Undersigned counsel requires 60 additional days to effectively advise Mr.
Lang, and either prepare for trial or negotiate a disposition.

16.     Undersigned counsel consulted government counsel and he does not object to the requested exclusion of time.

17.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C.  §3161(h)(7)(B)(i) and (iv).

18.     Finally, a continuance for 60 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

19.     Undersigned counsel has, and will continue to, diligently pursue the defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

20.     Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Lang respectfully requests that this Court issue an Order excluding 60 days from the speedy trial time limitations reset applicable dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE**
**SIXTY (60) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

R. Josh Player, Assistant United States Attorney
riley.player@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Jamarr Lang (U.S. Mail)

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant