IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00258-REB-JMC

UNITED STATES OF AMERICA,

Plaintiff,

v.

**JAMARR LANG**,

Defendant.

---

**MOTION TO REOPEN DETENTION HEARING AND TO RELEASE MR. LANG PURSUANT TO TITLE 18 U.S.C. SECTION 3142(f)(2)(B)**

---

Mr. Jamarr Lang, through his attorney, Laura H. Suelau, moves the Court to reopen the detention hearing in this matter and release him on conditions on bond. Mr. Lang respectfully requests this Court reopen the detention hearing in this matter pursuant to Title 18 United States Code Section 3142(f)(2)(B). He further requests this court find there are conditions that will assure both Mr. Lang's appearance in court and the safety of the community. Mr. Lang further requests this Court toll the Speedy Trial Clock while this Motion is pending and vacate the Status Conference set for June 21, 2022.[1] Counsel attempted to confer with the government on June 17, 2022 but has not received a response as of this filing.

On August 9, 2021, the government filed a two-count Indictment against Mr. Lang. Doc. 1. Mr. Lang was arrested on August 11, 2022. On August 16, this court (Magistrate

---

[1] Presently, all days from April 27, 2022 to and including June 26, 2022 are excluded. Doc. 47.

Judge James M. Candelaria) held a detention hearing. Mr. Lang was ordered released from custody contingent on his placement in Warrior Spirit in-patient treatment in Tooele, Utah. He was transported to Warrior Spirit on August 25, 2021. Mr. Lang was enrolled in Warrior Spirit and maintained sobriety from August 25, 2021 until his discharge on November 5, 2021. Mr. Lang was discharged after missing group activities and urinalysis testing on a few occasions. There was no allegation that Mr. Lang used drugs or alcohol, or otherwise violated the terms and conditions of his bond while enrolled in Warrior Spirit. After his discharge, Mr. Lang resided with his grandfather for a few weeks until he self-surrendered to an arrest warrant issued on November 18, 2021. He remained sober during that time. On November 23, 2021, this court revoked Mr. Lang's bond. Doc. 35.

Since his detention at La Plata County Detention Center, Mr. Lang has actively participated in treatment with Axis Health Systems. His counselor, Tommy Montoya, has been in regular contact with undersigned counsel about Mr. Lang's progress and repeatedly expressed his belief that Mr. Lang would benefit from in-patient treatment. Mr. Montoya observed Mr. Lang as somewhat hesitant to engage in treatment when he first began. However, after six months of weekly attendance in the Strategies for Improvement and Self-Care program and private sessions, Mr. Montoya has observed significant positive changes in Mr. Lang. Mr. Lang actively engages in group and earnestly desires positive change. He has gained real introspection about the negative impact of drugs and alcohol in his life. He sees how his drinking, in particular, has led to negative behaviors. Mr. Montoya believes some of Mr. Lang's lack of success at Warrior Spirit was due to his young age, possible cognitive deficits, and literacy challenges.[2]

---

[2] Counsel anticipates submitting a formal letter of Engagement and Participation from Mr. Montoya at or before the requested hearing.

Due to Mr. Lang's maturation and willingness to engage in treatment, Mr. Montoya contacted Warrior Spirit about re-admitting Mr. Lang. On June 9, 2022, Warrior Spirit accepted Mr. Lang for re-admission. Exhibit A. Mr. Montoya believes that Mr. Lang will actively participate and engage in treatment and can be successful at Warrior Spirit.

After learning of Mr. Lang's readmission, counsel contacted Brycen Williams, Executive Director of Warrior Spirit. Mr. Williams stated that before re-admitting someone for treatment, Warrior Spirit reviews the client's prior treatment records and evaluates whether the client was progressing, the cause of their discharge, and whether the treatment team could have addressed the client's needs differently.

Mr. Williams noted that Mr. Lang had been progressing and did not demonstrate any "troubling" behaviors. Mr. Williams occasionally worked with Mr. Lang directly and remembers him as "a good client who did seem to make an earnest effort." Mr. Williams also acknowledged that Mr. Lang's treatment team could have done more to address his needs. Specifically, the facility was somewhat understaffed and without a case manager at the time of Mr. Lang's enrollment – that is no longer the case. Mr. Williams also acknowledged that some of Mr. Lang's difficulties might have arisen from his struggles with literacy, something that was not properly addressed. After Mr. Lang's discharge, Warrior Spirit implemented audio-assistance for their treatment literature, something from which Mr. Lang will benefit. Overall, Mr. Williams expressed confidence in Mr. Lang's chances of success upon re-enrollment. Finally, Mr. Williams confirmed that Warrior Spirit has bed space for Mr. Lang and is able to arrange his transport from La Plata County Jail to their facility in Utah.

Given this new information, this Court can and should reopen the detention hearing

pursuant to Title 18 U.S.C. Section 3142(f)(2). At that hearing, counsel intends to present additional information to demonstrate that there are conditions that will reasonably assure Mr. Lang's appearance in Court and the safety of the community. 18 U.S.C. §3142(f).

For the foregoing reasons, Mr. Lang respectfully requests this court reopen the detention hearing in this matter, find that there are conditions that will reasonably assure Mr. Lang's appearance in court and the safety of the community, and grant his release on bond with the condition that he enroll inpatient at Warrior Spirit. Mr. Lang also requests this Court continue to toll the Speedy Trial Clock pending the resolution of the instant Motion, and vacate the status conference set for June 21, 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Laura_Suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, I electronically filed the foregoing **MOTION TO REOPEN DETENTION HEARING AND TO RELEASE MR. LANG PURSUANT TO TITLE 18 U.S.C. SECTION 3142(f)(2)(B)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Josh Player, Assistant United States Attorney
Email: riley.player@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jamarr Lang (Via U.S. Mail)

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Laura_Suelau@fd.org
Attorney for Defendant