IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-CR-00258-REB-JMC

UNITED STATES OF AMERICA,

   Plaintiff,

v.

**JAMARR LANG,**

   **Defendant.**
_____

**DEFENDANT'S FOURTH UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**
_____

   Jamarr Lang, through Assistant Federal Public Defender Laura H. Suelau, respectfully moves this Court for an Order excluding ninety days from the speedy trial time limitations. The government does not oppose this Motion.  In support of this Unopposed Motion, Mr. Lang states as follows:

**I.  Procedural Background**

   1.  On August 9, 2021, the government filed a two-count Indictment against Mr. Lang. Doc. 1. The Indictment alleges Mr. Lang committed one violation of 18 U.S.C. § 11(a)(1) and (b), assault of a federal officer with a dangerous weapon resulting in bodily injury; and one violation of 18 U.S.C. § 111(a)(1), assault on a federal officer.

   2.  This Court granted three prior Motions to Exclude time from the Speedy Trial Act. This Court granted those motions and excluded all days to and including June 26, 2022. Doc. 47.

   3.  On June 21, 2022, Mr. Lang filed a Motion to Reopen Detention hearing

and release him pursuant to conditions. Doc. 49. In that Motion, Mr. Lang requested this court toll additional time from the Speed Trial Clock while that Motion was pending. Doc. 49. That Motion was later Amended after Mr. Lang was admitted to Hilltop House. Doc. 55.

4.      On July 19, 2022, this court held a hearing on Mr. Lang's Amended Motion and released Mr. Lang with conditions. Doc. 58. At that time, counsel made an oral motion to toll the Speedy Trial Clock. The government did not object. This court granted that motion, but asked counsel to file a written motion. *Id.* Counsel believes the court's Order on the oral motion tolled the speedy trial clock pending the filing of the instant motion.

Speedy Trial Calculation

5.      An exclusion of 90 days would move the 70-day date to approximately October 26, 2022.

Justification for an Extension

6.      In the first Motion to Exclude, counsel identified a number of tasks necessary to represent Mr. Lang effectively. She has completed most of those tasks. However, this Mr. Lang's first federal criminal case and first felony case of any kind. Mr. Lang was just 19 years-old at the time of his arrest, has not completed high school, and has limited knowledge of the criminal justice system.

7.      While at the La Plata County Jail, Mr. Lang enrolled in courses to obtain his GED and was actively working to improve his literacy. He will continue those efforts now that he is residing at Hilltop House.

8.      Counsel believes that Mr. Lang's continued education, and additional meetings between Mr. Lang and counsel are necessary ensure he understands the

charges against him, is able to assist in his own defense, and understands those matters necessary to knowingly enter into a plea agreement.

9.      Additionally, counsel is located in Denver and Mr. Lang resides in Durango, Colorado – a logistical obstacle to communication.

10.      The government has no objection to the extension requested.

11.      Mr. Lang has no objection to the requested extension.

## II.      Standard for Continuances

12.      Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

13.      Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014).  *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

14.      In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d

1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.  *See id.* No single factor is determinative.  *See id.*

15.    The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *See Toombs*, 574 F. 3d at 1262.  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998).  The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1330 (2010).

## III.    Argument

16.    This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*.  Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 90 days from the speedy trial calculations.

17.    Mr. Lang is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a

4

continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

18.     90 additional days are required to allow Mr. Lang to continue his education and to ensure counsel can effectively advise Mr. Lang.

19.     The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C.  §3161(h)(7)(B)(i) and (iv).

20.     Finally, a continuance for 90 days is supported by the standard set forth by the Tenth Circuit in the *West* decision.

21.     Undersigned counsel has, and will continue to, diligently pursue the defense of this case.  However, the nature and facts of the case are such that no amount of diligent work can ensure effective assistance of counsel prior to the trial date as contemplated by the current speedy trial time-frame.

22.     Undersigned counsel believes that the requested extension would serve the requested purpose.

WHEREFORE, Mr. Lang respectfully requests that this Court issue an Order excluding 90 days from the speedy trial time limitations reset applicable dates and deadlines.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Laura H. Suelau
LAURA H. SUELAU
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
laura_suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, I electronically filed the foregoing

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE
NINETY (90) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    R. Josh Player, Assistant United States Attorney
    riley.player@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Jamarr Lang (U.S. Mail)


                s/ Laura H. Suelau
                LAURA H. SUELAU
                Assistant Federal Public Defender
                633 Seventeenth Street, Suite 1000
                Denver, Colorado 80202
                Telephone: (303) 294-7002
                FAX: (303) 294-1192
                laura_suelau@fd.org
                Attorney for Defendant