IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00258-REB-JMC

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMARR LANG,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the Government), by and through United States Attorney, Cole Finegan, and R. Josh Player, Assistant United States Attorney for the District of Colorado, and Defendant, Jamarr Lang, personally and by counsel, Laura Suelau, Assistant Federal Public Defender, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and Defendant.

## AGREEMENT

**A. Defendant's Plea of Guilty:**

Defendant agrees to

(1)    plead guilty to Count 1 of the Indictment charging a violation of Assault Against a Federal Officer with a Dangerous Weapon and Causing Bodily Injury, a violation of 18 U.S.C. § 111(a)(1) and (b);

1



COURT'S
EXHIBIT

/

      (2)      waive certain appellate and collateral attack rights, as explained in detail below;

      (3)      be liable for any restitution; and

      (4)      agree not to contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(A) and Fed.R.Crim.P.11(c)(1)(C). The government agrees to move to dismiss Count 2 of the Indictment and the parties agree that a range of imprisonment between twelve and twenty-four months is the appropriate range of imprisonment in this case. The parties understand that, once the Court accepts the plea agreement, the Court is required to enter a sentence which includes the above-described range of imprisonment. The parties further understand that if the Court enters a sentence that include a range of imprisonment other than the range of imprisonment described above, either party has the right to withdraw from the plea agreement. Should the plea of guilty be vacated on motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

**Acceptance of Responsibility Agreements, where applicable.**

Provided Defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the Government agrees that Defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to make a

motion requesting that Defendant receive a one-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

### C. Defendant's Waiver of Appeal:

Defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)   the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 111(a)(1) and (b);

(2)   the sentence exceeds 24 months; or

(3)   the Government appeals the sentence imposed.

If the first criteria applies, Defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, Defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

Defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent Defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

3

(1)    Defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute.

(2)    Defendant was deprived of the effective assistance of counsel; or

(3)    Defendant was prejudiced by prosecutorial misconduct.

Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where Defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and Defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**Forfeiture of assets**:

Defendant admits the forfeiture allegations. Defendant further agrees to forfeit to the United States immediately and voluntarily all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

whether in the possession or control of the United States, Defendant, Defendant's nominees, or elsewhere.  The assets to be forfeited specifically include but are not limited to: EAA model MC28 SA semi-automatic 9mm handgun, black in color handle and stock with grey in color slide, serial number T6368-20AV31385, to include the attached laser-light target guide device, collected in Bureau of Indian Affairs ("BIA") case number B021054938 from Defendant.  Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

Defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, Defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames.

Defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).  Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

**Abandonment of property**:

Defendant agrees that the below-described property, which was seized from Defendant for evidentiary purposes, and which is currently in the custody or control of

the BIA, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which Defendant is pleading guilty. Defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest Defendant has in such property with the understanding and consent that the BIA may dispose of the property without further obligations. The specific property includes: EAA model MC28 SA semi-automatic 9mm handgun, black in color handle and stock with grey in color slide, serial number T6368-20AV31385, to include the attached laser-light target guide device, collected in Bureau of Indian Affairs ("BIA") case number B021054938 from Defendant.

### I.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Assault Against a Federal Officer with Dangerous Weapon and Causing Bodily Injury are as follows:

### *Count One*: 18 U.S.C. § 111(a)(1) and (b)

*First:* Defendant forcibly assaulted, resisted, opposed, intimidated, impeded, and interfered with J.T.;

*Second:* the person assaulted, resisted, opposed, intimidated, and interfered with was a federal officer who was then engaged in the performance of his official duty, as charged;

*Third:* Defendant did such act[s] intentionally;

*Fourth*:  Defendant made physical contact with the person assaulted, resisted, opposed, intimidated, and interfered with: and

*Fifth*: Defendant used a dangerous and deadly weapon and inflicted bodily injury.

6

## II.    STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Indictment is: not more than two-hundred forty months imprisonment; maximum term of supervised release is three years; maximum fine $250,000; $100 mandatory victim's fund assessment fee; restitution.

## III.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## IV.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the Government would be able to prove the following facts at

trial.

On April 28, 2021, Defendant and A.B. chose to drink alcohol together. Sometime after that, they chose to walk about the town of Towaoc, Colorado. Towaoc, Colorado is within the State and District of Colorado. Defendant took his EAA model MC28 SA semi-automatic 9mm handgun, black in color handle and stock with grey in color slide, serial number T6368-20AV31385 with him.

Defendant and A.B. eventually arrived at the residence of C.H. Defendant yelled outside the residence, kicked and punched a door of the residence, and a window was broken.

The police dispatch began to receive reports relating to Defendant's actions at C.H.'s residence and reports of men with guns walking about that area of Towaoc, Colorado.

At 11:14 p.m., Officer Trujillo was dispatched on a report of individuals carrying guns. Officer Trujillo located Defendant and observed an object in his hand consistent with a handgun. Officer Trujillo shouted "Show me your hands" directed at Defendant multiple times. Defendant looked in the direction of Officer Trujillo and the lights of Officer Trujillo's patrol vehicle.

Defendant did not show Officer Trujillo his hands and walked toward other non-law enforcement members of the public with the firearm in his hand.

Officer Trujillo attempted twice to use his taser device to get compliance from Defendant. Both efforts failed. Officer Trujillo continued to approach Defendant very

quickly.  Officer Trujillo grabbed Defendant.  Defendant turned and struck Officer Trujillo several times in the head with Defendant's firearm.

Officer Trujillo received several minor injuries to his head. Officer Trujillo then physically detained and arrested Defendant.

During the entire incident described above, Officer Trujillo was operating a clearly marked BIA police patrol vehicles, wearing police uniforms, and engaged in the performance of their official duties.

## V.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good faith estimate of the parties, but it is only an estimate.  The parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the Government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the

estimate below.

a)    Under USSG Section 2A2.2(a), the base offense level is 14.

b)    The base level is increased by 4 levels for the use of a dangerous weapon, USSG §2A2.2(b)(2)(B)

c)    The base level is increased by 3 levels for causing bodily injury, USSG §2A2.2(b)(3)(A).

d)    The base level is increased by 2 levels for a conviction under 18 U.S.C. §111(b), USSG §2A2.2(b)(7)

e)    The adjusted offense level is 23.

f)    Defendant should receive a total reduction of 3 levels for acceptance of responsibility pursuant to USSG §3E1.1 [ The resulting total offense level is 20.

g)    The parties understand that Defendant's criminal history computation is tentative and based on Defendant's prior convictions.  The parties believe Defendant is in criminal history category 1.

h)    The career offender/criminal livelihood/armed career criminal adjustments do not apply.

i)    The advisory guideline range resulting from these calculations is 33 to 41 months.  However, to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 33 months (bottom of Category I) to 87 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

j)    Pursuant to USSG § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

k)    Pursuant to guideline § 5D1.2 if the Court imposes a term of supervised release of not more than 3 years.

## VI.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor Defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _1/24/23_

Jamarr Lang
Defendant

Date: _1/24/23_

Laura Suelau
Attorney for Defendant

Date: _1-24-2023_

R. Josh Player
Assistant U.S. Attorney

11