IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Criminal Action No.: 21-CR-00258-REB-JMC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMARR LANG,

    Defendant.

___

**GOVERNMENT'S MOTION FOR VARIANCE**
___

The United States of America, by and through the United States Attorney and Assistant United States Attorney, R. Josh Player, moves the Court to vary from, the advisory sentence resulting from application of the United States Sentencing Guidelines ("USSG") in this matter for the reasons set forth below.

**ARGUMENT**

In determining the appropriate sentence in a given case, the Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes: 1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the

1

defendant; and 4) to provide a defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. §3553(a).  The Court is to issue a sentence that is designed to satisfy these purposes, even if that sentence does not fall within the sentencing terms calculated by application of the United States Sentencing Guidelines (USSG).  *See Generally, United States v. Booker*, 543 U.S. 220 (2005).

The foregoing authority being recognized, the Court is still required to consider: 1) the sentencing terms calculated by application of the USSG.; 2) the nature and circumstances of the offense; 3) the history and characteristics of a defendant; 4) the kinds of sentences available; 5) any pertinent policy statement set forth by the Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense when fashioning a sentence.  *See* 18 U.S.C. §3553(a).

## ANALYSIS

In crafting an appropriate sentence, this Court must "impose a sentence sufficient, but not greater than necessary" to vindicate the factors enumerated at 18 U.S.C. § 3553.

**A. The Nature and Circumstances of the Offense, 18 U.S.C. 3553(a)(1)**

On April 28, 2021, Defendant and A.B. chose to drink alcohol together. Sometime after that, they started to walk about the town of Towaoc, Colorado. Defendant took his EAA semi-automatic 9mm handgun with him.

Defendant and A.B. eventually arrived at the residence of C.H.  Defendant yelled outside the residence, kicked and punched a door of the residence, and a window was broken.  Bureau of Indian Affairs dispatch began to receive reports relating to Defendant's actions at C.H.'s residence as well as reports of men with guns walking about that area of Towaoc, Colorado.

At 11:14 p.m., Officer Trujillo was dispatched on a report of individuals carrying guns. Officer Trujillo located Defendant and observed an object in his hand consistent with a handgun.  Officer Trujillo shouted "Show me your hands" directed at Defendant multiple times.   Defendant looked in the direction of Officer Trujillo and the lights of Officer Trujillo's patrol vehicle.

Defendant did not show Officer Trujillo his hands and walked toward other non-law enforcement members of the public with the firearm in his hand.

Officer Trujillo attempted twice to use his taser device to get compliance from Defendant.  Both efforts failed.  Officer Trujillo approached Defendant very quickly. Officer Trujillo grabbed Defendant.  Defendant turned and struck Officer Trujillo several times in the head with Defendant's firearm.

Officer Trujillo received several minor injuries to his head. Officer Trujillo then physically detained and arrested Defendant.

During the entire incident, Officer Trujillo was operating a clearly marked BIA police patrol vehicles and wearing police uniforms.

### B. History and Characteristics of the Defendant, 18 U.S.C. 3553(a)(1)

Defendant is 20 years old. He grew up in Towaoc, Colorado on the Ute Mountain Ute Indian Reservation. As set forth in the First Revised Presentence Investigation Report, [ECF 93], school was challenging for him and he had an Individualized Educational Plan beginning in first grade designed to address a "Specific Learning Disability in reading fluency, reading comprehension, written expression, math reasoning, and math problem solving." *Id.* at paragraph 74.

Defendant also suffered a subdural hematoma when he was 14 or 15 years old from a skateboarding accident that may have affected his cognitive abilities. *Id.* at paragraph 64.

Defendant has intellectual challenges that are different than the majority of the population. [ECF 93-2]. His intellectual abilities are reported to be less developed than the majority of the population. *Id*. at page 8. He does not, according to Dr. Coykendall, meet the criteria to be diagnosed with an intellectual disability. *Id*.

Defendant reports experiencing symptoms of anxiety and depression. *Id.* at paragraph 66. He also claims to have had susicidant ideations occasionally in the past few years. *Id.* at paragraph 67.

Regarding Defendant's criminal history, Defendant was given a diversion for a Aggravated Second-Degree Motor Vehicle Theft, $1000 to $20,000, on August 6, 2020,

in the Montezuma County District Court, Colorado, case no. 2020-3489CR. The final status of that matter is unknown.

In the Ute Mountain Ute Court of Indian Offense, Defendant has the following convictions: (1) Carrying Concealed Weapons (Sentenced 9/06/2020); (2) Disorderly Conduct (Sentenced 1/13/2021); (3) Assault (Sentenced 1/13/2021); and (4) Disorderly Conduct (Sentenced 6/23/2021).

Defendant began drinking alcohol and marijuana at age 13. First Revised Presentence Investigation Report, paragraphs 69-73. [ECF 93]. Defendant used alcohol to excess, frequently blacking out, in the past. *Id*. His alcohol abuse reportedly increased when a friend of his passed away. *Id.* The use of alcohol and marijuana has created problems, legal and otherwise for Defendant. Fortunately, Defendant appears open to treatment and has a good role model in his father who has maintained long term sobriety. *Id*. at paragraph 55.

### C. Seriousness of the Offense, 18 U.S.C. 3553(a)(2)(A)

The underlying offense is serious primarily because of the grave risk that was created by Defendant's choices. First of all, firearms are capable of, and frankly designed to, cause death. Even if the firearm is unloaded or a facsimile of a firearm, that is not always understood by others. Additionally, Defendant in his intoxicated state impaired his own judgement and physical motor functions.

This incident also occurred at night creating additional confusion and concerns for those involved. Further, there were citizens of the community in the immediate area when the arrest was effectuated.

Everybody involved and present during this incident was at a real risk of being hurt or possibly killed.

### D. Promote Respect for the Law, 18 U.S.C. 3553(a)(2)(A)

There must be a consequence for violating the law. The consequence must be in proportion to the offense in order promote respect for the laws as written and the enforcement of those laws. The sentence recommended by the Government promotes respect for the law as it is in proportion to the offense committed considering the Defendant's history, his unique circumstances, and the underlying offense.

### E. Provide Just Punishment, 18 U.S.C. 3553(a)(2)(A)

The punishment recommended by the Government provides a significant period of imprisonment, twelve to twenty-four months, to be followed by a period of supervised release during which his freedom of choice will be restricted. Again, considering Defendant's history; age; intellectual challenges; substance abuse issues; his taking accountability for the offense; his stated openness and desire to address his mental health and substance abuse issues; in light of the dangerous nature of the underlying offense, the variant sentence regarding imprisonment recommended by the Government is appropriate under the factors set forth in 18 U.S.C. § 3553.

### F. Deterrence, 18 U.S.C. 3553(a)(2)(B)

For Defendant and others who learn of this case, the recommended sentence

includes substantial consequences in terms of both imprisonment, and supervised release conditions.  It is one of the designs of the Government's recommendation to create deterrence for Defendant and others.

### G. Community Protection from Crimes of the Defendant, 18 U.S.C. 3553(a)(2)(C)

During the period of Defendant's imprisonment, the community should be largely protected from possible crimes by Defendant.  During the period of supervised release and thereafter, based in part upon individual deterrence, educational opportunities available during his time of imprisonment, and a period of law-abiding behavior, Defendant will be poised to adopt a lifestyle that includes making law-abiding choices.

### H. Provide Education, Training, Medical Care, or Other Correctional Treatment to the Defendant, 18 U.S.C. 3553(a)(2)(D)

It is anticipated that United States Probation will require Defendant to successfully complete programs and complete requirements designed to educate and assist Defendant in leading a law-abiding lifestyle going forward.  The recommended sentence by the Government, taking such anticipated programs into account, is designed to provide such education, training, and other correctional treatment opportunities in a manner and for such a period of time that Defendant can choose to incorporate the same into his lifestyle.

In particular, Defendant needs mental health therapy to help him manage his anxiety and depression.  He also needs significant substance abuse treatment as he makes decisions that can be dangerous to himself and others when under the influence.

Finally, Defendant needs to surround himself with people who are interested in his success and well-being. He needs to find and maintain mentors in his educational pursuits, employment, mental health treatment, and sobriety.

### I. Policy Statements of the Sentencing Commissions, 18 U.S.C. 3553(a)(5)(A)

USSG Ch. 1 Pt A, 1 Original Introduction to the Guidelines Manual, subsection 3, "The Basic Approach (Policy Statement)" provides, "The [Sentencing Reform Act of 1984]'s basic objective was to enhance the ability of the criminal justice system to combat crime through an effective, fair sentencing system." United States Sentencing Commission, Guidelines Manual, page 2 (Nov. 2018). Applying the USSG in this matter provides an appropriate and fair range of sentencing in this matter.

### J. Unwarranted Sentencing Disparities, 18 U.S.C. § 3553(a)(6)

In this matter, there are several safeguards in place to avoid unwarranted sentencing disparities. The sentencing statute, 18 U.S.C. § 3553, provides a framework of sentencing factors for the Court to consider when sentencing every Defendant. That framework serves as a guide designed to avoid unwanted sentencing disparities. The sentence recommended by the Government is supported by application of these sentencing factors as set forth herein.

Additionally, the Court regularly and respectfully applies these sentencing factors at all sentencings.

Finally, the Court is highly capable of considering each case on its individual merits and applying a reasoned, just, and appropriate sentence.

### K.  Restitution to the Victims, 18 U.S.C. 3553(a)(7)

The Government is neither seeking nor presenting a claim for restitution.

## CONCLUSION

For the reasons stated above, the Government respectfully recommends that the Court's sentence to include the following terms: (1) Defendant receive full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless Defendant engages in additional criminal conduct or conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; (2) Defendant serve a sentence between twelve and twenty-four months of imprisonment; (3) Defendant complete a period of supervised release during which he successfully complete mental health treatment and substance abuse treatment; and (4) Defendant pay the $100 special assessment fee.

Respectfully submitted this 3rd day of April 2023.

          COLE FINEGAN
          UNITED STATES ATTORNEY

          By:  /s/ *R. Josh Player*
          R. Josh Player
          Assistant United States Attorney
          835 East 2nd Ave, Suite 410
          Durango, Colorado 81301
          Email: riley.player@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of April 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Laura Suelau
Laura_suelau@fd.org

*S/ Amy Connor*
Amy Connor
Paralegal Specialist
835 East 2nd Ave, Suite 410
Durango, Colorado 81301
Telephone: (970) 247-1514
Email: amy.connor@usdoj.gov